hGAUDIN, Judge.
This is an appeal by the City of New Orleans, found vicariously liable for the accident-causing negligence of NOPD officer Jerome Mosley. Mosley was driving a NOPD car when it collided with a Jefferson Parish police unit that was partially blocking a roadway in an attempt to stop an automobile being chased by Mosley.
On appeal, the City argues that the Jefferson Parish Sheriff’s Office is at least partially responsible. This is the only issue now before this Court. The damage awards were not appealed.
We affirm. The record supports the factual findings of the trial judge and the judgment rendered on August 11, 1996 which dismissed all claims against the JPSO.
On the day of the accident, Mosley drove to the Fischer Housing Development in Algiers, Louisiana in response to a call that there had been |2an armed robbery and car-jacking. He was met by the three victims, who were admitted into the NOPD car so they could be driven home. On the way home, one of the victims spotted the stolen ear. A high speed pursuit began on the lower level of the Westbank Expressway toward Marre-ro, Louisiana with the robbery victims still in the NOPD car.
A Jefferson Parish police officer, Edward Himel, heard on his radio about the chase. Himel was then in the vicinity of Manhattan Boulevard and the Expressway. When Hi-mel saw the get-away car and Mosley’s pursuing vehicle approximately one or two blocks away, he put on his overhead lights and drove onto the four-lane road, blocking the far right lane and part of the adjacent lane. The fact that the JPSO car may have experienced transmission problems just prior to the accident is of no moment.
When the get-away car reached the partial roadblock, it safely proceeded around Hi-mel’s unit and kept on going. Mosley, however, driving at a high rate of speed, applied his brakes but his car skidded 241 feet and crashed into the JPSO unit.
The trial judge, in finding Mosley solely responsible, based his conclusions on the testimony of all witnesses except Mosley, who said that Himel’s overhead lights were not on, that he (Mosley) at no time during the chase exceeded 65 miles per hour and that the JPSO unit drove onto the roadway when he (Mosley) was 50 to 60 feet away.
One of the robbery victims riding in the NOPD car testified that Mosley drove in the 80-90 mile per hour range while in pursuit of the get-away auto and that the NOPD car was going at a “pretty high rate of speed” when Mosley applied his brakes. Michael Sunseri, an expert in accident reconstruction, testified that the NOPD unit was going 83 miles per hour moments before the brakes were applied.
13From the bench, the trial judge stated:
“The physical evidence is in direct contradiction to the testimony of Mr. Mosley
[[Image here]]
“The idea of seeing a car 50 to 60 feet away ... when you leave two hundred and forty-something feet of skid marks is totally, physically impossible. Steven Spielberg couldn’t do it. And that’s what he’s expecting us to go by and believe. I have a serious problem with that ...
“There was an out left to anybody paying reasonable attention, even going at a high rate of speed ... whether it’s swerving, whether it’s hitting your brakes and stopping completely ...
“I will find that liability should be 100 per cent to Officer Mosley and the New Orleans Police Department ...”
Credibility calls solidly supported by testimony and evidence are not altered on appeal. The NOPD is to bear costs of this appeal.
AFFIRMED.